IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NELS CARY, INC.,                      §
                                      §
        Plaintiff-                    §
        counterdefendant,             §
                                      § Civil Action No. 3:07-CV-0832-D
VS.                                   §
                                      §
KENNETH DAY,                          §
                                      §
        Defendant-                    §
        counterplaintiff.             §

MEMORANDUM OPINION
AND ORDER

The court must decide whether to transfer this case from the
Dallas Division to the San Angelo Division of this court under 28
U.S.C. § 1404(a).  For the reasons that follow, the court declines
to transfer the case.

I

This lawsuit arises from the purchase by plaintiff-
counterdefendant Nels Cary, Inc. ("NCI") of an aircraft from
defendant-counterplaintiff Kenneth Day ("Day").  NCI alleges that
the aircraft was not airworthy at the time of the sale because it
had a defective crankshaft, that the aircraft had various other
mechanical problems, and that it had not been properly maintained.
NCI resides in Colorado, and Day ("Day") resides in Brown County,
Texas, which is located in the San Angelo Division of this court.
Day moves to transfer the case to the San Angelo Division under

§ 1404(a).[1]

II

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.,* 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.,* 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)). Nonetheless, the court may not transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other. *Fowler v. Broussard,* 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.,* 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)). "The burden rests on the [moving party] to prove by a preponderance of the evidence that [the] choice of forum should be disturbed and transfer is

_____

[1]On August 17, 2007 the court denied Day's motion to dismiss or, alternatively, motion to transfer venue, in which he challenged venue in the Dallas Division. The court explained that divisional venue has been abolished by statute, and NCI had not filed the case in a district that lacked venue. The court also stated that in denying the motion, it was not expressing a view concerning whether Day could establish that the case should be transferred to the San Angelo Division under 28 U.S.C. § 1404(a).

appropriate based on a balancing of relevant factors." *Mannatech,
Inc. v. K.Y.C., Inc.,* 2006 WL 2216033, at *2 (N.D. Tex. Aug. 3,
2006) (Solis, J.) (citations omitted).

## III

## A

The court first addresses "whether the judicial district to
which transfer is sought would have been a district in which the
claim could have been filed." *In re Volkswagen AG,* 371 F.3d 201,
203 (5th Cir. 2004) (per curiam). The San Angelo Division would be
a proper venue for this case.

"The court must then balance all relevant factors to determine
whether the litigation would be more conveniently held in a
different forum and whether the interests of justice would be
better served by a transfer." *Mannatech,* 2006 WL 2216033, at *2
(citing *The Whistler Group, Inc. v. PNI Corp.,* 2003 WL 22939214, at
*2 (N.D. Tex. Dec. 5, 2003) (Fish, C.J.)). In making its
determination, the court considers "a number of private and public
interest factors, none of which are given dispositive weight." *In
Re Volkswagen AG,* 371 F.3d at 203 (citing *Action Indus., Inc. v.
U.S. Fid. & Guar. Co.,* 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative
> ease of access to sources of proof; (2) the
> availability of compulsory process to secure
> the attendance of witnesses; (3) the cost of
> attendance for willing witnesses; and (4) all
> other practical problems that make trial of a
> case easy, expeditious and inexpensive. The
> public concerns include: (1) the

> administrative difficulties flowing from court
> congestion; (2) the local interest in having
> localized interests decided at home; (3) the
> familiarity of the forum with the law that
> will govern the case; and (4) the avoidance of
> unnecessary problems of conflict of laws [or]
> the application of foreign law.

*Id.* (citations and internal quotation marks omitted; bracketed material added).

Generally, the plaintiff's choice of forum is entitled to substantial weight and should be highly esteemed. *Enserch,* 656 F. Supp. at 1167 n.15. But "the weight to be accorded may be diminished when a plaintiff brings suit outside his home forum." *Kettler v. Presstek, Inc.,* 2003 WL 21788870, at *2 (N.D. Tex. July 31, 2003) (Fitzwater, J.) (citing *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.,* 685 F.Supp. 346, 349 (S.D.N.Y. 1988)). Moreover, "'the plaintiff's choice of forum has reduced significance where most of the operative facts occurred outside the district.'" *Baxa Corp. v. ForHealth Techs., Inc.,* 2006 WL 680503, at *2 (N.D. Tex. Mar. 15, 2006) (Fitzwater, J.) (quoting *Minka Lighting, Inc. v. Trans Globe Imps., Inc.,* 2003 WL 21251684, at *1 (N.D. Tex. May 23, 2003) (Fish, C.J.)).

NCI resides in Colorado, and its home forum is not located in this division. None of the operative facts in this case occurred in the Dallas Division. Accordingly, the fact that NCI has chosen the Dallas Division is not entitled to significant weight.

B

The court now turns to the private factors to determine whether they weigh in favor of transferring the case to the San Angelo Division.

1

The first is the relative ease of access to sources of proof. Some aircraft records are located in Brown County, while the aircraft and other records are located in Colorado. Neither party argues that it would be more burdensome to transport evidence to Dallas versus San Angelo.

Considerations of accessibility and location of sources of proof are "less influential due to advances in copying technology and information storage." *Sargent v. Sun Trust Bank, N.A.,* 2004 WL 1630081, at *4 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (citing *Mohamed v. Mazda Motor Corp.,* 90 F.Supp.2d 757, 778 (E.D. Tex. 2000)). The court concludes that they favor neither party.

2

The parties appear to agree that the availability of compulsory process favors neither venue, so the court will regard this factor as neutral.

3

The third factor weighs the cost of attending trial for willing witnesses. "'The convenience of the witnesses is often regarded as the most important factor to be considered in deciding

whether to transfer venue.  However, it is the convenience of the

non-party witnesses that is accorded the greatest weight.'"

*Sargent*, 2004 WL 1630081, at *3 (quoting *Minka Lighting,* 2003 WL

21251684, at *2).   "The convenience of expert witnesses weighs

little in the analysis."  *Houston Trial Reports, Inc. v. LRP*

*Publications, Inc.,* 85 F.Supp.2d 663, 669 (S.D. Tex. 1999) (citing

17 James Wm. Moore et al., *Moore's Federal Practice*

§ 111.13(1)(f)(iv) (3d ed. 1999)).  As the party bearing the burden

of proving that the case should be transferred, Day must identify

the "key witnesses and the general content of their testimony."

*Bank One,* 211 F.Supp.2d at 812 (citations omitted).

Day and his mechanic, Pete Michaud ("Michaud")——who is

expected to testify regarding the aircraft's alleged mechanical

problems——both reside in the San Angelo Division (Brownwood,

Texas).  Richard Clausen ("Clausen"), a mechanic who discovered the

allegedly undocumented maintenance of the aircraft, Gene Medina

("Medina"), an inspector who disassembled the engine and discovered

its allegedly defective condition, and NCI all reside in Colorado.

Engine Components, Inc. ("ECI"), which inspected and certified the

airplane's crankshaft prior to the sale, is located in San Antonio,

Texas (i.e., within the Western District of Texas).   Teledyne

Continental Motors ("TCM"), who consulted ECI prior to the

certification, is located in Mobile, Alabama.   NCI's retained

expert in the area of aircraft maintenance resides in Dallas.

Day emphasizes that the distance from Brownwood to Dallas is 80 miles greater than the distance from Brownwood to San Angelo. He asserts that this additional distance is significant because daily travel from Brownwood to San Angelo during trial is feasible, but daily travel to and from Dallas is not. Day posits that conducting trial in Dallas would require that he and Michaud incur the additional expense of overnight accommodations. This is not an issue for the other witnesses, he points out, because they are not within the daily commuting range of either Dallas or San Angelo. Day also suggests that San Angelo would be the more convenient venue for ECI because San Angelo is approximately 65 miles closer to San Antonio than it is to Dallas. In response, NCI relies on evidence demonstrating that, for each of the expected witnesses, flights into Dallas would be less time-consuming and less expensive than flights into San Angelo (which NCI maintains almost always require an additional layover).

The court concludes that this factor weighs against transfer. Michaud is the only nonparty, non-expert witness who would benefit from transferring venue, because he is the only one for whom travel by automobile is feasible.[2] By contrast, Clausen, Medina, ECI and TCM would all be inconvenienced by the additional time and expense

---

[2]Day concedes this much when he argues that the 170-mile distance between Brownwood and Dallas is too great for travel by car. ECI, the witness who besides Michaud is closest to San Angelo, resides in San Antonio, which is 210 miles away.

they would incur in flying to San Angelo.

4

The fourth factor addresses practical problems not raised under the previous three. NCI posits that because TCM and ECI are likely to be joined as parties in this action, they will eventually challenge venue if the case is transferred to San Angelo. To the extent this additional consideration weighs against transfer, it does so only slightly, because the court already accounts for the convenience of TCM and ECI in its analysis above, and the record does not contain sufficient details concerning these parties and witnesses to permit the conclusion that a transfer would inconvenience the parties and witnesses.

C

The court next considers the public interest factors.

1

The first public interest factor is the "administrative difficulties flowing from court congestion." Day speculates that this factor weighs in favor of transfer because the number of cases filed in Dallas exceeds the number filed in San Angelo. NCI counters that this factor weighs against transfer because San Angelo's method for scheduling trials and discovery deadlines could result in a trial setting as late as the year 2010.

The mere possibility of delay, without corresponding proof of court congestion, is not considered in the court's analysis. *See*

*Spiegelberg v. Collegiate Licensing Co.,* 402 F.Supp.2d 786, 792 (S.D. Tex. 2005) (treating "possibility of delay" as a *private* interest factor distinct from the public interest in clearing court congestion, and holding that this factor should be considered only in "rare and special circumstances"). And because other factors contribute to court congestion besides the number of cases filed, and other considerations shape scheduling methods besides court congestion, the court is not persuaded by either party's assertion that one venue is more congested than the other.[3] Accordingly, this factor is deemed neutral.

2

The court next considers the interest in having localized interests decided at home. The San Angelo Division has an interest in adjudicating claims against its residents, particularly where they arise from events or transactions occurring within the division. *Spiegelberg,* 402 F.Supp.2d at 792. This factor favors transfer, because the San Angelo Division is the place where one of the parties resides, the aircraft was inspected, negotiations were conducted, and a contract was entered. By contrast, no operative events occurred within the Dallas Division.

---

[3]Moreover, because the court's decision transferring venue would involve transferring a case within this district, the undersigned could preside over the case and adopt a schedule that would address any real scheduling concerns.

The last two public interest factors concern the familiarity of the forum with governing law and the avoidance of unnecessary conflicts of laws.  The parties agree that these factors are neutral.

IV

Day has the burden of proving by a preponderance of the evidence that this case should be transferred.  *Mannatech,* 2006 WL 2216033, at *2.  He has not done so.  Only one factor—the interest in deciding localized interests at home—favors transferring the case, while the most important factor—the cost of attendance for willing witnesses—weighs against a transfer.  The court concludes that the burden of requiring witnesses to travel to San Angelo outweighs the benefit of deciding these localized interests at home.

\*        \*        \*

Accordingly, for the reasons stated, Day's August 17, 2007 motion to transfer venue pursuant to 28 U.S.C. § 1404 is denied.

**SO ORDERED**.

October 16, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE