```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION
```

NELS CARY, INC.,                §
                                §
        Plaintiff-              §
        counterdefendant,       §
                                § Civil Action No. 3:07-CV-0832-D
VS.                             §
                                §
KENNETH DAY,                    §
                                §
        Defendant-              §
        counterplaintiff.       §

## MEMORANDUM OPINION AND ORDER

Defendant-counterplaintiff moves for leave to designate a responsible third party in this case. For the reasons that follow, the court grants the motion.

I

This lawsuit arises from the purchase of an aircraft by plaintiff-counterdefendant Nels Cary, Inc. ("NCI") from defendant-counterplaintiff Kenneth Day ("Day"). NCI alleges that Day misrepresented the mechanical condition of the aircraft. It sues for breach of contract, breach of express warranty, negligent misrepresentation, and for violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (Vernon 2002 & Supp. 2007).

Day moves for leave to designate NCI's mechanic, Richard Clawson,[1] as a responsible third party under Tex. Civ. Prac. & Rem.

---

[1]NCI spells his surname "Clawson" and "Clausen." "Clawson" is the spelling that Day consistently uses, and Day explains in a

Code § 33.004 (Vernon 1997 & Supp. 2007). He maintains that Clawson is at least partially responsible for NCI's harm because Clawson conducted a pre-purchase inspection of the aircraft on behalf of NCI and certified its airworthiness. NCI opposes the motion.

II

As a threshold matter, the court notes that it

> has applied § 33.004 in diversity cases, *see, e.g., Womack v. Home Depot USA, Inc.*, 2006 U.S. Dist. LEXIS 39449, at *2 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (order), and it has said that "it will continue to do so until persuaded that the statute does not apply," *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.). Today's case does not require that the court engage in an extensive analysis of whether § 33.004 should be given full effect, and the court will apply it. In doing so, the court, as before, suggests no view on such matters as whether the statute's references to "the pleading requirement of the Texas Rules of Civil Procedure," *see* § 33.004(g)(1) (singular), and to "the pleading requirements of the Texas Rules of Civil Procedure," *id.* § 33.004(g)(2) (plural), apply in a diversity case. *See Alvarez*, 2006 WL 1522999, at *2 n.6. Nor does the court "suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines." *Womack*, 2006 U.S. Dist. LEXIS 39449, at *2-*3.

---

footnote that this is the spelling that appeared in some of NCI's mechanical records. NCI does not disagree, and it appears to settle on the "Clawson" spelling in its surreply. Accordingly, the court will use the spelling "Clawson."

*Davis v. Dallas County, Tex.*, 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007 (Fitzwater, J.).[2]

                                III

In Texas, when a defendant is sued in tort or under the DTPA, his ultimate liability is reduced by a percentage of responsibility attributed to a "responsible third party." Tex. Civ. Prac. & Rem. Code § 33.013(a). This applies exclusively to actions based in tort or brought under the DTPA, so a defendant cannot designate a responsible third party with respect to a *contract* claim against him. *See* Tex. Civ. Prac. & Rem. Code § 33.002 ("This chapter applies to any cause of action based on tort . . . [or] brought under the [DTPA]."); *In re Kyocera Wireless Corp.*, 162 S.W.3d 758, 769 (Tex. App. 2005, orig. proceeding) ("Because [plaintiff] asserts only a contract claim against [defendant], the proportionate responsibility scheme found in [chapter 33] is inapplicable."); *JHC Ventures, L.P., v. Fast Trucking, Inc.*, 94 S.W.3d 762, 773 (Tex. App. 2002, no pet.) ("[W]e refuse to extend [chapter 33] to UCC breach of warranty claims."). Thus the designation of a responsible third party in this case would apply to the tort and DTPA claims alone.

Before designating a responsible third party, Day must request

---

[2]Whether the court applies federal or Texas pleading standards in deciding Day's motion, the result would be the same. Therefore, the court need not resolve whether the pleading requirements of the Texas Rules of Civil Procedure control here.

leave. *See* § 33.004 (Vernon Supp. 2007). Texas law provides that leave shall be granted unless Day "did not plead sufficient facts concerning the alleged responsibility of [Clawson.]" *Id.* § 33.004 (g). In other words, leave will be granted if Day's July 2007 answer and counterclaim sufficiently alleges that Clawson

> caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

*Id.* § 33.011(6) (defining "responsible third party").

IV

Day alleges that Clawson contributed to NCI's harm by violating the DTPA. NCI does not dispute that Clawson's alleged violation of the DTPA qualifies as a violation of "an applicable legal standard," § 33.011 (6), nor does it argue that Day's pleadings are insufficient to allege a violation. Rather, it maintains solely that Clawson cannot be a responsible third party because his alleged conduct lacks sufficient connection to the state of Texas.[3]

NCI's argument appears to be premised on the notion that Texas lacks authority to regulate Clawson's alleged conduct. Assuming

---

[3]NCI also argues that Clawson's alleged breach of contract cannot make him a "responsible third party." Given the court's holding that Clawson's alleged violation of the DTPA is sufficient to warrant designation as a "responsible third party," it need not address this argument.

*arguendo* that this is true, it is not controlling.  NCI identifies no way—and the court is aware of none—in which Clawson's designation as a responsible third party would involve the exercise of regulatory authority over him.  A responsible third party is neither joined in the lawsuit, made subject to the court's jurisdiction, nor otherwise prejudiced by a determination of fault. *See* Tex. Civ. Prac. & Rem. Code § 33.004 (e), (i).

Likewise, nothing in Texas' current statutory scheme suggests that a "responsible third party" must be someone within the state's regulatory jurisdiction.  Prior to September 2003, this would not have been true, because someone who was not potentially liable to the plaintiff (e.g., for violating the DTPA) could not have been designated as a "responsible third party."  *See* Tex. Civ. Prac. & Rem. Code § 33.011(6) (Vernon 1997) (amended Sept. 1, 2003) (defining "responsible third party" as someone who is (1) within the court's jurisdiction, (2) potentially subject to the plaintiff's lawsuit, and (3) potentially liable for the plaintiff's damages).  As amended, however, the law provides that any person who has contributed to the plaintiff's harm by infringing a legal standard identified in § 33.011(6) may be designated a "responsible third party," regardless whether he is potentially liable.  *See* Tex. Civ. Prac. & Rem. Code § 33.011(6) (Vernon Supp. 2007) (effective Sept. 1, 2003); *Bueno v. Cott Beverages, Inc.,* 2005 WL 647026, at *2 (W.D. Tex. Feb. 8, 2005) ("[S]ince the 2003

amendments, . . . responsible third parties are no longer limited to those who are responsible to the claimant for some or all of the damages sought against the defendant and a defendant may now designate as a responsible third party one who could not be liable to plaintiff, whose identity is unknown, or who is not even subject to the court's jurisdiction.").

NCI's reliance on § 33.002(a)(2) is misplaced. Section 33.002(a)(2) plainly requires only that the responsible third party be potentially responsible "for a percentage of *the harm* for which relief is sought." *See* Tex. Civ. Prac. & Rem. Code § 33.002(a)(2) (emphasis added). It does not require, as NCI contends, that the third party also be potentially responsible (i.e., liable) for a percentage of the plaintiff's "relief."[4]

In sum, Texas' system of proportionate responsibility is principally concerned with detemining a *defendant's* liability, and for this purpose, there is no requirement that a designated responsible third party be potentially liable as well.

\*   \*   \*

Because Day alleges that Clawson contributed to NCI's harm by infringing DTPA standards, and NCI does not dispute the application of those standards under § 33.011(6), Day's January 7, 2008 motion

---

[4]The qualifying language "for which relief is sought" might have been relevant had Clawson allegedly been responsible for some type of harm *other* than that which is at issue in NCI's suit against Day.

for leave to designate responsible third party is granted.

**SO ORDERED.**

February 29, 2008.

*Sidney A. Fitzwater* (signature)
SIDNEY A. FITZWATER
CHIEF JUDGE